IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 05-586 |
| PAMELA SLAUGHTER | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

I. **INTRODUCTION**

Pamela Slaughter has been charged in an information with two counts of unlawfully accessing a protected computer for private gain, in violation of 18 U.S.C. § 1030(a)(2)(B) and (c)(2)(B). Defendant Slaughter has entered into a plea agreement with the government and intends to enter a guilty plea pursuant to that agreement. Her change of plea hearing is scheduled for October 27, 2005.

II. **TERMS OF THE PLEA AGREEMENT**

A copy of the guilty plea agreement entered between the defendant and the government is attached as Exhibit "A."

III. **STATUTE CHARGED**

**Title 18, United States Code, Section 1030(a)(2)(B) and (c)(2)(B)** *(unauthorized access of information from government computer system for private financial gain)* provides, in part, that:

> (a) Whoever – . . .
>    (2) intentionally accesses a computer without authorization or
>    exceeds authorized access, and thereby obtains – . . . (B)
>    information from any department or agency of the United States . .
>    . .

The elements of this offense are:

1. The defendant intentionally accessed a computer without authorization or in a manner that exceeded authorized access;

2. By accessing the computer without authorization or exceeding authorized access to the computer, the defendant obtained information from a department or agency of the United States; and

3. The defendant did so for purposes of commercial advantage or private financial gain.

IV. **MAXIMUM SENTENCE (STATUTORY)**

**Counts One and Two** – unauthorized access of information from government computer system for private financial gain – *Title 18, United States Code, Section 1030(a)(2)(B) and (c)(2)(B)* (each count):

> 5 years imprisonment
> up to 3 years supervised release
> $250,000 fine
> $100 special assessment

**Total Maximum Sentence**

> 10 years imprisonment
> up to 3 years supervised release
> $500,000 fine
> $200 special assessment

V. **FACTUAL BASIS FOR THE PLEA**

Defendant Pamela Slaughter was an Internal Revenue Service ("IRS") Contact Representative in the Philadelphia Account Management office of the IRS. She began her employment on January 31, 2001 and was terminated on May 21, 2005. She worked at the Philadelphia Service Center. She had access to a computerized IRS database known as the

Integrated Data Retrieval System ("IDRS"). IDRS can be used to access sensitive IRS tax record information and to enter changes to those accounts. Employees were required to use a password to access IDRS; the system kept track of which employees accessed which accounts and whether any changes were made to an account. IRS rules, which were periodically reviewed with the defendant, only permitted employees to use the IDRS system for business purposes and did not permit her to look up information about family and friends or to use the password or entry code of another employee to access the system. During the course of her employment, she signed a number of acknowledgments of these rules.

A. Unlawful Accesses

The defendant first came to the attention of the Strategic Enforcement Division ("SED") of the Treasury Inspector General for Tax Administration ("TIGTA") when the defendant unlawfully accessed family members' tax information. TIGTA's investigation showed that, during the period January 24, 2002 and April 30, 2003, the defendant made over 100 unlawful accesses. Of those, TIGTA determined approximately 21 to be of a possible criminal nature. For purposes of this prosecution, the following two unlawful accesses have been identified and charged.

1. Erica Shaheed - a dependent child

TIGTA agents determined that the defendant was unlawfully accessing return information regarding certain dependent children in order to determine if these dependents had been claimed on any taxpayer's return. After accessing IDRS for the name of Erica Shaheed, a dependent child, on April 15 and 16, 2002, the defendant claimed Erica Shaheed as a dependent on her 2001 individual income tax return. The defendant is not the parent or guardian of Erica

Shaheed. IRS records confirmed that the defendant received $1,287 as a result of qualifying for the earned income tax credit.

        2.      <u>Elijah Johnson Young</u> - a dependent child

The defendant also unlawfully accessed dependent children to claim the income tax return of her daughter, Natasha Slaughter. The defendant stated that she prepared and electronically filed her daughter's 2001 individual income tax return. The defendant claimed dependent Elijah Young on her daughter's 2001 return. As a result of claiming Young as a dependent, her daughter received approximately $896 for the earned income credit. When interviewed, Natasha Slaughter stated that she did not know Elijah Young and that her mother had prepared and filed her return without her ever seeing the return.

    B.    <u>Defendant's statement</u>

On June 30, 2003, the defendant was interviewed by TIGTA agent Joseph Boyer after being advised of her rights. She acknowledged that she had training regarding unlawful accesses to IDRS and she knew that she was not permitted to access IDRS information as to relatives and friends. She also admitted that she had made unlawful accesses.

With regard to Tyrone Taylor, she stated that he is a friend who has done her favors in the past. At his request, she checked the computer to determine if anyone was claiming his children as dependents. She admitted claiming Erica Shaheed on her return in her effort to secure money for Taylor, who needed it. She admitted that Erica Shaheed was not her child or dependent. She recalled giving approximately $1,200 that she received from claiming Taylor's child to Taylor. She acknowledged that she was not entitled to claim Erica Shaheed as her dependent. Nor was she entitled to the earned income credit. She further stated the mother of

dependent Erica Shaheed had more than enough dependents to claim on her return.

Regarding the preparation of her daughter's tax return, she stated she prepared the return and filed it electronically on her daughter's behalf.

C.  Testimony of IRS employee

An IRS employee from the Philadelphia Service Center, who has reviewed the defendant's illegal accesses to IDRS, would testify regarding the details of the defendant's illegal accessing of the IRS computer containing confidential taxpayer data.

D.  Restitution

The total amount of restitution owed to the IRS is $2,173.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

_____

TERRI A. MARINARI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Change of Plea memorandum has been served by me this date, by hand-delivery, upon the following:

>Dina Chavar, Esquire
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center Building
>601 Walnut Street
>Suite 540 West
>Independence Square West
>Philadelphia, PA 19106

_____
TERRI A. MARINARI
Assistant United States Attorney

Dated_____

# Exhibit "A"

# Plea Agreement